UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROGER WAYNE ROBINSON,<br><br>           Petitioner,<br><br>     v.<br><br>SWAIN, Warden,<br><br>           Respondent. | No. CV 18-4333-CJC (PLA)<br><br>**ORDER DISMISSING HABEAS PETITION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND TO FOLLOW COURT ORDERS, AND FAILURE TO ABIDE BY LOCAL RULE 41-6** |

I.

BACKGROUND

On May 22, 2018, petitioner, a federal prisoner, filed a petition for writ of habeas corpus ("Petition" or "Pet."). (ECF No. 1). Petitioner is a citizen of Jamaica who is subject to an order of removal issued on December 21, 2017. (Pet. at 3, 4). Petitioner appealed the removal order to the Board of Immigration Appeals, and the Board of Immigration Appeals denied his appeal on April 18, 2018. (Pet. at 2).

On June 29, 2018, respondent filed a Motion to Dismiss the Petition on the ground that this Court lacks subject matter jurisdiction over this case because petitioner filed his Petition prematurely. (ECF No. 4). Respondent submitted that petitioner's removal order became final as of April 18, 2018, and the Immigration and Naturalization Act ("INA") permits Immigration and Customs Enforcement

("ICE") to detain petitioner for 90 days after a removal order becomes final in order to effectuate removal, and case authority permits ICE to detain him for at least 6 months. (ECF No. 4 at 1 (citing 8 U.S.C. §§ 1231(a)(1)(A), 1231(a)(1)(B)(i); Zadvydas v. Davis, 533 U.S. 678 (2001)). Thus, respondent argued that the Petition filed on May 22, 2018, should be dismissed because it is premature. (Id.). The Magistrate Judge ordered petitioner to file an opposition to the Motion to Dismiss no later than September 10, 2018. (ECF No. 5).

On August 30, 2018, instead of filing an opposition, petitioner filed a letter in which he stated that he is "now in the custody of ICE," has changed his mind about pursuing his case, and has "made a decision not to continue [his] appeals." He requested that the Court "dismiss [his] appeal" ("Request"). Petitioner did not sign or date the Request.

Because petitioner's Request did not specifically reference Rule 41 of the Federal Rules of Civil Procedure ("Rule 41") regarding voluntary dismissal, and because he also failed to sign or date the Request, on September 4, 2018, the Magistrate Judge issued an order declining to construe the Request as a notice of voluntary dismissal under Rule 41. (ECF No. 7). The Magistrate Judge informed petitioner that if he desired to dismiss this action, he must properly complete and file a Voluntary Notice of Dismissal form no later than September 18, 2018, or, alternatively, file an opposition to the Motion to Dismiss. (Id.). Petitioner was also advised that his failure to timely respond to the Order, "**will result in his Petition being dismissed for failure to prosecute and follow court orders, and or as prematurely filed.**" (Id.).

On September 18, 2018, the Magistrate Judge's September 4, 2018, Order was returned to the Court as undeliverable, and the federal Inmate Locator website reflects that petitioner was released from custody on August 16, 2018. See *https://www.bop.gov/inmateloc*.

As of the date of this Order, petitioner has not filed a response to the September 4, 2018, Order, and the time to do so has expired.

/
/
/
/

## II.

## DISCUSSION

### A. FAILURE TO INFORM COURT OF CHANGE OF ADDRESS

Plaintiff's failure to inform the Court of his current address in and of itself warrants dismissal. Local Rule 41-6 states:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

On September 18, 2018, the September 4, 2018, Order sent by the Magistrate Judge to petitioner at his address of record was returned as undeliverable. Petitioner has not apprised the Court of a new address, and in fact has not had any contact with the Court since August 30, 2018, when he informed the Court he did not want to go forward with this "appeal." (ECF No. 6). Accordingly, because more than fifteen days have elapsed since the service date of the September 4, 2018, Order, and plaintiff has not provided the Court with his current address, plaintiff's case is subject to dismissal for failure to comply with Local Rule 41-6.

### B. FAILURE TO PROSECUTE AND TO FOLLOW COURT ORDERS

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to petitioner's failure to prosecute or to comply with court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice

to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and internal quotation marks omitted); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Petitioner's failure to respond to the Magistrate Judge's September 4, 2018, Order, along with his failure to provide the Court with his current address, hinders the Court's ability to move this case toward disposition and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondents -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, it is petitioner's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Here, given petitioner's failure to respond to the September 4, 2018, Order as ordered by the Magistrate Judge, and his failure to provide the Court with an updated address, petitioner has not discharged this responsibility. In these circumstances, and in light of petitioner's August 30, 2018, Request seeming to express a desire to dismiss this action, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with court orders.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. Although petitioner's August 30, 2018, letter seemed to express a desire to dismiss this action, because his intent was not perfectly clear and he did not reference Rule 41 or sign and date his letter, the Magistrate Judge issued the September 4, 2018, Order in order to confirm petitioner's intent, giving petitioner an opportunity to either properly complete a Notice of Dismissal or provide a response to the Motion to Dismiss. Nonetheless, as of the date of this Order, petitioner has failed to respond as

required by the Magistrate Judge's September 4, 2018, Order, or to update his address with the Court.

Taking all of the above factors into account, dismissal for failure to prosecute and to follow court orders also is appropriate. Such a dismissal, however, should not be entered unless petitioner has been notified that dismissal is imminent. See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, petitioner had previously expressed a desire to dismiss this action, and was cautioned about the possibility of dismissal in the Magistrate Judge's September 4, 2018, Order.

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** for failure to prosecute and for failure to follow court orders, and for failure to abide by Local Rule 41-6.

DATED: September 24, 2018

HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE